996 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sherman Everett MCDONALD-EL, Plaintiff-Appellant,
v.
Gloria ANTHONY; Benjamin Ulep, Dr.; Mary L. Cretens,
Defendants-Appellees.
 No. 92-2346.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1993.
 
 Before KEITH and RYAN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Sherman E. McDonald-El, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, and a transfer to a different facility, McDonald-El sued the director of medical services (Ulep), the director of nursing (Anthony), and a staff doctor (Cretens) at the Marquette (Michigan) Branch Prison (MBP), alleging that they were deliberately indifferent to his serious medical needs when they did not promptly refill his prescription for medication to treat his asthma condition, and failed to provide him with a broncholizer or nebulizer machine as part of his treatment for his asthma condition.
 
 
 3
 Ultimately, the magistrate judge recommended granting summary judgment for the defendants, finding McDonald-El's claims to be without merit. Over McDonald-El's objections, the district court adopted the magistrate judge's recommendation, granted the defendants summary judgment, and dismissed the complaint.
 
 
 4
 Upon review, we conclude that the district court properly granted summary judgment to the defendants as there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 5
 Initially, we note plaintiff's claims for damages against the defendants in their official capacity are barred by the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); Wells v. Brown, 891 F.2d 591, 593 (6th Cir.1989). However, the defendants are subject to suit in their official capacities on McDonald-El's request for injunctive relief. See Will, 491 U.S. at 70-71 n. 10.
 
 
 6
 McDonald-El has not established that the defendants were deliberately indifferent to his serious medical needs by failing to provide him with necessary medical treatment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991). Moreover, to the extent that McDonald-El's claim is based upon a difference in opinion between himself and prison medical staff about medical treatment, the claim does not amount to deliberate indifference. See Molton v. City of Cleveland, 839 F.2d 240, 243 (6th Cir.1988), cert. denied, 489 U.S. 1068 (1989).
 
 
 7
 McDonald-El's claims against defendants Cretens and Ulep were also properly subject to dismissal because he has not shown that these defendants were personally involved in the events giving rise to his complaint. See Monell v. Department of Social Services, 436 U.S. 658, 692 (1978); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.